Jiang v. Barr

BIA
Leeds, IJ
A205 046 327

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

MIN JIAN JIANG,
> *Petitioner,*

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

18-1652
NAC

| | |
|---|---|
| FOR PETITIONER: | Gerald Karikari, Esq., New York, NY. |
| FOR RESPONDENT: | Joseph H. Hunt, Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Joseph B. Edlow, Trial Attorney, Office of |

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Jian Jiang, a native and citizen of China, seeks review of a May 22, 2018 decision of the BIA affirming a May 22, 2017 decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Jian Jiang,* No. A 205 046 327 (B.I.A. May 22, 2018), *aff'g* No. A 205 046 327 (Immig. Ct. N.Y. City May 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's adverse credibility determination is supported by substantial evidence.

Jiang does not substantively challenge the agency's demeanor finding and has therefore waived review of that determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief).

3

Regardless of waiver, the agency properly considered Jiang's demeanor to find him not credible because the finding is grounded in the record, and we generally defer to an IJ's demeanor finding. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places h[im] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question.").

The IJ found Jiang had "long pauses" when testifying. This finding is supported by the record: when asked why he did not name in his written statement a coworker who was also persecuted, Jiang did not immediately answer, and later, when confronted with an inconsistency about when he began practicing Falun Gong in a New York park, there was a long pause before Jiang replied. [CAR 119, 163.] Because the record supports the IJ's demeanor findings, we defer to the agency's adverse credibility determination in that respect. *See Jin*

4

*Chen*, 426 F.3d at 113.

The agency also reasonably relied on inconsistencies between Jiang and his friend about when Jiang began practicing Falun Gong in a New York park and how the friends reconnected in New York. Further, Jiang was internally inconsistent about how many times per week he practiced Falun Gong. He did not have compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks omitted)).

Having questioned Jiang's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Jiang submitted undated pictures taken by an unknown photographer

of Jiang allegedly practicing Falun Gong and protesting the Chinese government in the United States, unsworn statements from a friend in China and his mother, and a notarized affidavit from his witness. The agency did not err in declining to afford significant weight to these documents because the photographer, the friend, and Jiang's mother were not available for cross-examination, and his mother was an interested witness. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to spouse's letter because it was unsworn and from an interested witness); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). And Jiang testified inconsistently with his witness, rendering the witness's affidavit unreliable. Jiang did not submit any particularized, objective evidence to support his claim. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond

6

general country conditions to support a claim).

Accordingly, given the demeanor finding, the record inconsistencies, and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. The adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

7